**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **FRED ROAN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 7:07-cv-185 (HL) |
| : | |
| **ANDERSON TRUCKING SERVICE, INC.,** : | |
| **A Minnesota Corporation,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Plaintiff filed this matter in the Valdosta Division of the Middle District of Georgia, United States District Court, on November 2, 2007, seeking damages for personal injuries he sustained as a result of the alleged negligence of Defendant. Plaintiff's complaint makes no allegation as to the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, the Court conducts an initial review of each case to determine whether a proper jurisdictional basis exists. After review of the complaint in this case, the Court finds Plaintiff has failed to establish a basis for federal jurisdiction.

When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1273 (11th Cir. 2000). A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship. Although not stated in the complaint, it appears Plaintiff is attempting to establish jurisdiction based on diversity of citizenship. Therefore, the Court will not discuss the necessary elements of federal question jurisdiction.

Pursuant to 28 U.S.C.A. § 1332, diversity jurisdiction requires the legal matter to

exceed the sum or value of $75,000, exclusive of interests and costs, and be between citizens of different States. 28 U.S.C.A. § 1332(a)(1) (West 2006). Accordingly, "complete diversity" must exist between all parties for the court to retain jurisdiction. This means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In the present case, Plaintiff has not established complete diversity of citizenship.

Plaintiff alleges he is a "resident" of Thomas County, Georgia. Allegations regarding residency tell the Court nothing. Federal courts hold an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Consequently, Plaintiffs' allegation of residency in Georgia is not enough to establish the requisite citizenship for diversity jurisdiction. In lieu of residency, Plaintiff must allege United States citizenship and identify the state of which he is a citizen or domiciliary.

In regard to the citizenship of Defendant, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1) (West 2006). Accordingly, to establish the citizenship of a corporation, Plaintiff must allege both the corporation's state of incorporation and state of

principal place of business.  Consequently, Plaintiff's allegation that Defendant "is a Minnesota Corporation organized and existing under the laws of the State of Minnesota" does not sufficiently define Defendant's principal place of business.

In addition to failing to properly allege citizenship, the complaint fails to set forth any allegations with respect to the amount in controversy.  In the absence of any allegation as to the amount in controversy, Plaintiff has failed to properly plead jurisdiction.  *See* <u>Bassett v. Toyota Motor Credit Corp.</u>, 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) (holding that "a complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy").

Because Plaintiff has failed to properly allege the citizenship of the parties involved, and has failed to properly allege the amount in controversy, federal diversity jurisdiction has not been established.  However, the Court is of the opinion that Plaintiff should be allowed to amend his complaint to correct the deficiencies noted.  Accordingly, Plaintiff shall have twenty days from the date of entry of this Order in which to file an amended complaint that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiff's complaint.

**SO ORDERED**, this the 15th day of November, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

mls